[No. 20141.  In Bank. — August 28, 1886.]

## THE PEOPLE, APPELLANT, *v.* W. H. OTTO, RESPONDENT.

CRIMINAL LAW — REFUSAL TO PAY OVER PUBLIC MONEY — INDICTMENT. — The indictment charged in effect that the defendant was the tax collector of Del Norte County from the first Monday in January, 1883, at 12 o'clock, M., to the like day and time on the fifth day of January, 1885; that as tax collector he had on the fifth day of January, 1885, received

and collected certain public money, and on that day, and for five days thereafter, and ever since then, had wholly and willfully refused and omitted to pay it over to the county treasurer. *Held*, that the indictment charged but one offense, and was sufficient under section 424 of the Penal Code.

APPEAL from a judgment of the Superior Court of Del Norte County.

The facts are stated in the opinion.

*Attorney-General Marshall*, for Appellant.

*R. G. Knox*, for Respondent.

FOOTE, C.—The defendant was indicted under section 424 of the Penal Code, which reads as follows:—

"Each officer of this state, or of any county, city, town, or district of this state, and every other person charged with the receipt, safe-keeping, transfer, or disbursement of public moneys, who either,—

"10. Willfully omits or refuses to pay over to any officer or person authorized by law to receive the same any money received by him under any duty imposed by law so to pay over the same is punishable by imprisonment in the state prison for not less than one nor more than ten years, and is disqualified from holding any office in this state."

The indictment was demurred to, the demurrer sustained, and from the judgment made in the premises the people have appealed.

The grounds alleged in the demurrer why it should be sustained were: 1. That the indictment did not substantially comply with the requirements of sections 950, 951, and 952 of the Penal Code; 2. That more than one offense is charged in the indictment; 3. That the facts do not constitute a public offense.

The indictment set out that the defendant, " during all the times between the first Monday of January,

A. D. 1883, at 12 o'clock, M., and the first Monday, viz., the fifth day, of January, A. D. 1885, at 12 o'clock, M., was the duly elected and qualified sheriff and *ex officio* tax collector of the county of Del Norte and state of California"; that as such it was his duty to receive, safely keep, disburse, transfer, etc., the state and county taxes for the fiscal year ending June 30, 1885; that as such tax collector, on the fifth day of January, 1885, he "had" received and collected a certain amount of money, state and county taxes, the sums belonging to the state and county being stated in the aggregate first, then separately.

That on the first Monday, viz., the fifth day, of January, 1885, and for five days thereafter, at the county and state aforesaid, "the said W. H. Otto, as said tax collector, wholly and willfully omitted and refused to pay over to the county treasurer of said county of Del Norte, the officer authorized by law to receive the same," the sum of money, etc.; and that on the fifth day of January, 1885, etc., "he wholly and willfully omitted and refused, and still does omit and refuse, to pay over" said money, etc.

As in the first part of the indictment it was distinctly charged that defendant was the tax collector of Del Norte County from the first Monday in January, 1883, at 12 o'clock, M., to the like day and time on the fifth day of January, 1885, the charge that "as said tax collector" he "had," on the fifth day of January, 1885, collected the public money, and upon that day, and for five days thereafter, and ever since then, refused and omitted to pay it over, was but charging the defendant with a single offense.

For the word "had," being in the pluperfect tense, denotes that the collection of the money was prior to the fifth day of January, 1885, and taken in connection with the other language preceding it, the statement of fact was that said collection was made during the term

of office of the defendant as tax collector. And the statement that he refused and omitted to pay the money over on the fifth day of January, 1885, and for five days thereafter, and that he wholly omitted and refused, and still refuses, to pay it over, is a charge of but one offense; for he is thereby no more accused of the commission of an offense for each of the five days after the fifth of January, 1885, than for every day since then that he had omitted and refused to pay over. Taking them together, the words last considered convey the meaning that the defendant neither paid the money over on the 5th of January, 1885, when he was tax collector, nor for five days thereafter, nor at any time.

And as a refusal to do a thing includes an omission to do so, there is no charge of two offenses in saying that the defendant "omitted and refused," etc., the greater including the less. The refusal and omission to pay over the sum of money collected was the charge, and the fact that it stated that part of it was state and part county money is not a charging of two offenses.

We are of opinion that the indictment does substantially comply with sections 950, 951, and 952 of the Penal Code, and that the facts set out therein were sufficient to charge a public offense under section 424, subdivision 10, of the code *supra*.

The judgment should be reversed and the cause remanded.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with direction to the court below to overrule the demurrer.

Rehearing denied.